**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RUDOLPH ISLEY, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD ISLEY, <br><br> Defendant. | Case No. 23-cv-1720 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Rudolph Isley, by his attorneys, Reitler Kailas & Rosenblatt LLP and Mandell Menkes LLC, as and for his Complaint against the Defendant herein, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this declaratory action pursuant to 28 U.S.C. §§ 2201 and 2202 in order to obtain (A) a judicial declaration that all U.S. common-law and statutory rights in and to the trademark THE ISLEY BROTHERS (the "Mark") are jointly owned by Plaintiff and Defendant equally, because the Mark is an asset of a partnership in which Plaintiff and Defendant are the sole and equal members; and (B) an accounting and payment of Plaintiff's share of all proceeds received by Defendant in connection with the provision of services and sale of goods under the Mark within the applicable limitations period prior to the filing of this Complaint.

### JURISDICTION AND VENUE

2. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds the minimum jurisdictional amount of $75,000.

3. Venue lies within this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, because Defendant has engaged in use and exploitation of the Mark in commerce in this judicial district.

## PARTIES

4. Plaintiff Rudolph Isley ("Rudolph"), now 83 years of age, is a resident of the State of Illinois and a founding member of the world-famous musical group The Isley Brothers (the "Group").

5. Defendant Ronald Isley ("Ronald"), now 81 years of age, is a resident of the State of Missouri and, like Rudolph, is a founding member of the Group.

6. The Group was formed in Cincinnati, Ohio in or about 1954 by Rudolph, his brother Ronald, and their brother, O'Kelly Isley Jr. ("O'Kelly"), now deceased.

## FACTUAL BACKGROUND

7. The three brothers, Rudolph, Ronald, and O'Kelly, (the "Brothers") at all times intended to operate and did operate the Group as a common-law partnership.

8. The Brothers at all times equally shared in the Group's expenses and profits.

9. The Brothers at all times equally shared in the control of the business of the Group.

10. The Brothers at all times equally contributed capital to operate the business of the Group.

11. The Group collectively owned property, including without limitation the record label T-Neck Records, Inc. a New Jersey corporation; the music publisher Teaneck Pub. Co., a New Jersey corporation; the music publisher Bovina Music, Inc., a New York corporation;

approximately 300 acres of land in upstate New York; and more than 100 registered copyrights in musical compositions jointly authored by the Group.

12. The Group at all times collectively entered into contracts with providers of goods and services in connection with the Group's activities.

13. The Group actively toured and recorded between 1954 and 1973, and recordings made and released by the Group during that period are still being manufactured and sold in interstate commerce under the Mark THE ISLEY BROTHERS (the "Mark") and under no other mark.

14. In or about 1973, the Group's touring and recording personnel expanded to include Plaintiff's younger brothers Ernie Isley and Marvin Isley, and Plaintiff's brother-in-law Chris Jasper.

15. The new personnel left the Group in or around 1984 to perform under the name Isley Jasper Isley.

16. Throughout this period, the Group remained an equal partnership under the sole ownership, direction and control of its founding members, Rudolph, Ronald, and O'Kelly Isley.

17. O'Kelly died intestate on March 31, 1986.

18. Pursuant to Letters of Administration issued by the State of New Jersey Bergen County Surrogate's Court on Sept 24, 1986, O'Kelly's interests passed to Plaintiff and Defendant equally, leaving each with a 50% share of ownership in the Group and the Mark.

19. In recognition of the foregoing, both Plaintiff and Defendant are currently 50% owners of all rights and interests of the Group, with neither party having the authority to enter into deals concerning the Group or the exploitation of the Mark without consent of the other party.

20. In 1989, due to poor health conditions and his brother's death, Plaintiff discontinued his performances with the Group and did not participate in making new recordings after that date, but has remained active in promoting and managing the Group's properties, including a major multi-million dollar music publishing deal in 2018, under which Plaintiff and Defendant each received 50%, and most recently the negotiation of a lucrative license deal for the use of the Group's song "Shout" in a commercial that was aired on the broadcast of the 2023 Super Bowl.

21. The Group has been highly successful and has won many awards and accolades for their music, including induction into the Rock and Roll Hall of Fame in 1992 and receiving gold, platinum or multi-platinum certification of thirteen of their albums by the Recording Industry Association of America.

22. The Group received the [Grammy Lifetime Achievement Award](#) in 2014, and was inducted into the Songwriters Hall of Fame in June of 2022.

23. The Group's recordings have sold over 18 million units in the United States alone. With their first major hit charting in 1959 ("Shout"), and their most recent hit in 2022 (a remake of the Group's 1975 song "Make Me Say It Again Girl," credited to "Beyoncé with Ron Isley and The Isley Brothers") they are among the few artists ever to have been recognized on the Billboard Hot 100 chart with new music in six different decades.

24. The recordings of The Isley Brothers on which Plaintiff performed ("Group's Recordings") were at all times released under the Mark and under no other mark.

25. Until the date of this Complaint, Plaintiff has continued to receive royalties generated by the sale of the Group's Recordings.

26. Many of the Group's Recordings have been digitally sampled by hip-hop and rap

producers under license from the Group, and Plaintiff continues to receive payments for such uses of the Group's Recordings.

27. Accordingly, all the goodwill in the Mark from 1954 until the present have inured to the Group and not to any individual member, and Plaintiff has not abandoned his rights in the Mark.

28. After O'Kelly's death, the Group established a Delaware corporation, Isley Brothers Royalty Venture I SPC Inc. ("IBRV").

29. The IBRV was owned equally by Rudolph and Ronald and performed certain business and administrative functions on behalf of the Group relating to the Group's royalty income.

30. In June of 2000, Rudolph and Ronald established a Delaware limited liability company, Isley Brothers L.L.C. ("the LLC"), which performed financial functions on behalf of the Group in connection with a certain identure entered into between the LLC and Manufacturers and Traders Trust Company and a related Note Purchase Agreement for the sale of notes issued under the indenture.

31. The members of the LLC were Rudolph and Ronald, and the IBRV was named as Managing Member. The LLC is classified by the IRS as a partnership, and every year since the formation of the LLC it has issued Schedule K-1 income statements to Rudolph and Ronald for submission to the IRS with Form 1065, U.S. Return of Partnership Income.

**RONALD'S BELATED CHALLENGE TO OWNERSHIP OF THE MARK**

32. On November 2, 2021, Ronald, acting without the knowledge or approval of Rudolph, filed an application to register exclusive rights in the Mark in the U.S. Patent and Trademark Office in his own personal name, for the following goods and services: "Visual

recordings and audiovisual recordings featuring music and animation" (the "Application").

33. The Application was approved by the U.S. Patent and Trademark Office, and without Plaintiff's knowledge, was registered on August 16, 2022 ("Registration"). A copy of the Registration is attached as Exhibit A.

34. Significantly, the Application and Registration claim exclusive rights in the Mark dating back to a priority date of 1954, when the Brothers first formed the Group.

35. Contradicting the claimed priority date, the Application, and Registration, assert that Defendant Ronald Isley claims sole exclusive rights in and to the Mark in his individual capacity.

36. Counsel for Defendant Ronald Isley has asserted in correspondence that Defendant alone has exclusive ownership of the Mark, see letter attached as Exhibit B.

37. These assertions in correspondence to Plaintiff, and under penalty of perjury to the U.S. Patent and Trademark Office, are false.

38. Upon information and belief, Defendant has within the past year offered goods and services in commerce to the public under the Mark within this judicial district and in other locations, without the authorization or approval of Plaintiff, and has failed to account to or make payment to Plaintiff in connection with such exploitation of the Mark.

## FIRST CLAIM – DECLARATION OF OWNERSHIP

39. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 above as if fully set forth herein.]

40. By reason of the foregoing, an actual and justiciable controversy of sufficient immediacy and reality has arisen and now exists between Plaintiff and Defendant, concerning their respective rights and interests in the Mark.

41. Plaintiff contends that the Mark is jointly owned by Plaintiff and Defendant.

42. Defendant contends, by virtue of his sworn filing in the U.S. Patent and Trademark Office, that he is the sole owner of the Mark.

43. Declaratory relief from this Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, so that the Parties may know their respective rights and obligations with respect to the Mark.

44. By reason of the foregoing, Plaintiff is entitled to a declaratory judgment and related relief, declaring that the Mark is jointly owned by Plaintiff and Defendant.

45. Plaintiff has no adequate remedy at law.

## SECOND CLAIM – ACCOUNTING AND PAYMENT

46. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 45 above as if fully set forth herein.

47. Rudolph is unaware of the degree to which Ronald exploited the Mark, the licenses and/or other transactions that Ronald entered into for the use of the Mark, or the revenue Ronald garnered through such exploitation. Consequently, Rudolph has a need to discover the transactions completed and the revenues earned through Ronald's improper registration of the Mark.

48. By reason of the foregoing, Plaintiff is entitled to a judgment ordering Defendant to account for and pay over to Plaintiff the Plaintiff's rightful 50% share of all results and proceeds of the past exploitation of the Mark realized by Defendant.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. Rule 38(b), Plaintiffs demand a trial by jury on all issues properly triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

A.    On the First Claim, a judgment declaring that the Mark is jointly owned by Plaintiff and Defendant.

B.    On the Second Claim, a judgment ordering Defendant to account for and pay over to Plaintiff the Plaintiff's rightful 50% share of all results and proceeds of the exploitation of the Mark realized by Defendant.

C.    Awarding Plaintiff his costs and disbursements, including reasonable attorneys' fees, incurred in prosecuting this action; and

D.    Awarding Plaintiff such other and further equitable and legal relief as this Court may deem necessary, just and proper.

Dated: March 20, 2023

Respectfully submitted,

RUDOPLH ISLEY

By: /s/ Steven P. Mandell
    One of his attorneys

Steven P. Mandell (ARDC #6183729)
MANDELL MENKES LLC
333 W. Wacker Dr., Suite 450
Chicago, IL 60606
Tel.: (312) 251-1000
smandell@mandellmenkes.com

Brian D. Caplan
Robert W. Clarida
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
Facsimile: (212) 371-5500
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com

*Attorneys for Plaintiff*